UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEVY ROUSE, | : | |
| Petitioner | : | Civil Action No. 06-0168(RMC) |
| | : | |
| v. | : | |
| | : | |
| AL HAYNES, Warden, et. al., | : | |
| Respondents | : | |

## UNITED STATES' MOTION TO TRANSFER
## PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court to transfer petitioner's <u>pro se</u> petition for a writ of habeas corpus to the United States District Court for the Northern District of West Virginia. In support of this motion, the United States submits the following:

## ARGUMENT

On December 12, 2005, the petitioner mailed his petition for a writ of habeas corpus to the United States District Court for the District of Columbia.[1] The petitioner challenges the Federal Bureau of Prisons' calculation of his sentence and the application of "good time" credits to his sentence.[2] The petitioner acknowledges, however, that, at the time he filed his petition, he

---

[1] The petition was filed on January 31, 2006 in the United States District Court for the District of Columbia.

[2] The petitioner is serving a 35 years to life sentence in F8614-84 for first degree murder while armed, armed robbery and kidnaping, of which 20 years is a mandatory minimum sentence. See Exhibit A at p. 1 (Bureau of Prisons Sentence Monitoring Computation Data). The petitioner argues that he has not been given any "good time" credit pursuant to D.C. Good Time Credit Act of 1986, D.C. Code § 24-201.29 (formerly § 24-428). Moreover, the petitioner claims that he should receive "good time" credits for the mandatory minimum portion of his sentence.
The petitioner's contention that he can earn good time credits on his mandatory minimum

was incarcerated at the Hazelton U.S. Penitentiary in Bruceton Mills, West Virginia. See Petitioner's petition at p. 3. The government has verified with the Federal Bureau of Prisons that the petitioner is incarcerated at the Hazelton U.S. Penitentiary in Bruceton Mills, West Virginia, which is located within the jurisdiction of the Northern District of West Virginia.

Accordingly, since the petitioner is presently confined in the Hazelton Penitentiary in Bruceton Mills, West Virginia, and is not incarcerated in the District of Columbia, the petitioner's habeas petition cannot be considered by this Court, because this Court lacks personal jurisdiction over the "person having custody of the person detained," as required by 28 U.S.C. § 2243. See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2713 (2004) (the proper respondent in a federal habeas action challenging present physical custody is the warden of the facility where the petitioner is being held); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.) (stating that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction"), cert. denied, 543 U.S. 975 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (the appropriate defendant in a habeas action is the warden of the prisoner who is the prisoner's custodian, not the United States Parole Commission); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir 1988) ("A habeas petition may be

---

portion of his sentence is not correct. The case cited by the petitioner in support of his argument, Cunningham v. Williams, 711 F.Supp. 644 (D.D.C. 1989), was reversed by Poole v. Kelly, 954 F.2d 760, 761, 763 (D.C. Cir. 1992) (the Good Time Credit Act does "not apply to the minimum twenty-year sentence imposed on persons convicted of first-degree murder under the D.C. Code"). Accordingly, the petitioner is not allowed to earn "good time" credits on his mandatory minimum 20 year sentence. However, the petitioner may earn "good time" credits on the remaining 15 years of his sentence. The petitioner's current sentence computation takes into account this 1800 days of expected good time credit and 428 days of jail credit, resulting in a presumptive parole eligibility date of January 5, 2015. See Exhibit A at p. 2 and Exhibit B (Sentence Monitoring Independent Sentence Computation).

adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C. Cir. 1988) (en banc) ("It is also well settled that the appropriate respondent in a habeas action is the custodian of the prisoner"); Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir 1986) ("A district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner").

Accordingly, this Court should transfer the petitioner's petition to the United States District Court for the Northern District of West Virginia, after giving the petitioner notice of the proposed action and an opportunity to be heard on the issue. See Chatman-Bey v. Thornburgh, supra, 864 F.2d at 814 (prior to transfer, the court should provide a habeas petitioner "with notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

## CONCLUSION

Wherefore, for the above stated reasons, the petitioner's petition should be transferred to the United States District Court for the Northern District of West Virginia, after giving the petitioner notice of the proposed transfer and an opportunity to respond.

A proposed order is attached.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____/s/_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____/s/_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the instant motion has been electronically filed with the Court and served by mail, upon the petitioner, Levy Rouse, Fed. Reg. No. 01415-000, USP Hazelton, U.S. Penitentiary, P.O. Box 2000, Bruceton Mills, WV 26525, this 24th day of March, 2006.

_____/s/_____
Sherri L. Berthrong
Assistant United States Attorney