UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEVY ROUSE,
      Petitioner,

V.

AL HAYNES, et Al.
      Respondents.

Civil Action No. 06-0168 (RMC)

RECEIVED
MAY 8 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

OPPOSITION TO THE
UNITED STATES MOTION
TO Transfer CASE

Comes Now, the Petitioner, Levy Rouse, Pro se And moves this Court not to transfer his habeas Corpus Action to the Northern District of West Virginia for the reasons following:

This Court has Jurisdiction over this case because this action is a D.C. Code Case. This Action is also about the D.C. good times Credits Act So it would not be right to transfer this Action to the District Court of West Virginia. Also All of my Court records Are in Washington, D.C., so it would not be fair to the Petitioner to transfer this Action.

Respectfully Submitted,

_____
LEVY ROUSE # 01415-000
U.S.P. Hazelton P.O. Box 2000
Bruceton Mill, WV 26525

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the instant motion has been filed with the Court and served by mail, upon Sherri L. Berthrong Special Proceedings Section Assistant U.S. Attorney 555 4th Street, N.W. Room 10-450 Washington, D.C. 20530, This __4__ Day of __30__ 2006

_____
LEVY ROUSE #01415-000

(2)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEVY ROUSE,
            Petitioner,

V.                                    Civil Action No. 06-0168(RMC)

AL HAYNES, et Al.
       Respondents.

## MOTION TO RECONSIDER APPOINTING COUNSEL

Comesnow, petitioner, Levy Rouse, And respectfully petitions this Honorable Court to reconsider Appointing Counsel in the Above Captioned Case for the reasons following:

Petitioner would like to Ask for Appointment of Counsel to Assist him in investigation because he is not in Washington, D.C.. Petitioner do not have A legal education or experience necessary to get discovery. Also representation by Counsel will more likely expose the truth. The merits Are Colorable petitioner is Also handicapped by not having Counsel with the legal Complexity of this Case. Denial of Counsel would result in fundamental Unfairness.

# AUTHORITIES

Shielde V. Jackson, 570 F.2d 284 (8th Cir 1978), Appointment of Counsel would assist in investigation and advance proper administration of Justice.

In Gordon V. Leeke, 574 F.2d 1147 (4th Cir), Cert. denied 439 U.S. 970, 99 S.ct. 464, 58 L.Ed.2d 431 (1978), the Court of Appeals observed that "if it is apparent to the district court that a Pro Se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him.

See Slaughter V. City of Maplewood, 731 F.2d 587, 589 (8th Cir 1984), A court should give "Serious Consideration" to appointing counsel whenever an indigent plaintiff establishes in his pleadings a Prima Face case which, if proven would entite him to relief.

In Tabron V. Grace, 6 F.3d 147, 153 (3d Cir 1993), the Tabron court found that the decision to appoint counsel may be made at any point in the litigation, and may be made by a district court.

(2)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the instant motion has been filed with the Court and served by mail, upon Sherri L. Berthrong Special Proceedings Section 555 4th Street, N.W. Room 10-450 Washington, D.C. 20530 This 4 Day of 30 20006

_Levy Rouse_
LEVY ROUSE #01415-000

(3)